UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MCCARRICK,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES LLC,<br><br>        Defendant. | Case No. 20-cv-02145-HSG<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 15 |

Pending before the Court is Defendant Amazon.com Services LLC's motion to transfer this action to the Eastern District of California. Dkt. No. 15. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

In support of its motion to transfer, Defendant cites 28 U.S.C. § 1404(a). This provision provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The transfer statute exists "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotations omitted). The district court has broad discretion in deciding whether or not to transfer an action. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) ("[T]he district court's decision to change venue is reviewed for abuse of discretion. Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.") (quotations omitted). District courts may consider a variety of factors in determining whether to transfer an action. *See Jones v. GNC*

*Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  The relevant factors include:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Barnes & Noble v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (quotations omitted).  The moving party bears the burden of showing that the transferee district is a "more appropriate forum."  *See Jones*, 211 F.3d at 499 (9th Cir. 2000).  It is not enough for a defendant to merely show that it prefers another forum, and transfer will also not be allowed if the result is merely to shift the inconvenience from one party to another.  *See Van Dusen*, 376 U.S. at 645-46.

Having reviewed the motion in detail, the Court finds that neither the convenience of the parties or witnesses nor the interests of justice counsel in favor of transfer.  Plaintiff alleges that she generally worked out of her home and traveled throughout California during her employment.  *See* Dkt. No. 1-1, Ex. A.  And the majority of witnesses that the parties have identified appear to be located outside of California entirely.  *See* Dkt. No. 15-1 at ¶ 7; Dkt. No. 19-1 at ¶¶ 7–8.  As such, the Court finds that there is little efficiency gained by transferring the action to the Eastern District of California.  And in the absence of other compelling reasons to transfer to the Eastern District of California, the Court **DENIES** the motion in its discretion.[1]

//
//
//
//
//

---

[1] The Court notes that in connection with its motion, Defendant also filed a request for judicial notice.  Dkt. No. 16.  Because the Court did not rely on these documents in exercising its discretion, the Court **DENIES AS MOOT** the request for judicial notice.

The initial case management conference, scheduled for June 30, remains on calendar, and the parties' case management statement is due June 23.

**IT IS SO ORDERED.**

Dated:   6/11/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge